**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SOUTHBARK INC.,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO: 1:13-CV-183** |
| | § | |
| **v.** | § | |
| | § | |
| **MOBILE COUNTY COMMISSION** | § | |
| **et al.,** | § | |
| | § | |
| **Defendants.** | § | |

---

### First Amended Answer and Affirmative Defenses[1]

---

The Mobile County Commission, Commissioner Connie Hudson, Commissioner Merceria Ludgood, Administrator John Pafenbach, individually, and Nancy Johnson, individually, (collectively, "the County"), file this Answer and Affirmative Defenses to the Complaint of SouthBARK, Inc., Dusty Feller, and Emily Thompson (collectively, "Plaintiff").

### <u>Answer</u>

The Paragraph beginning "Pursuant to the Court's directive" and ending "similar to the Original" does not appear to require a response, but, to the extent this Paragraph requires a response, the County denies the allegations contained therein and demands strict proof thereof.

### I. INTRODUCTION

1.      The County denies each and every allegation of Paragraph 1 as worded and, additionally, as calling for a legal conclusion.

2.      The County denies each and every allegation of Paragraph 2 as worded.

---

[1] The footnote beginning "Plaintiffs by titling" and ending "might prove necessary" does not appear to require a response, but, to the extent this footnote requires a response, the County denies the allegations contained therein.

## II. JURISDICTION AND VENUE

3.      The County admits this Court has jurisdiction over Plaintiffs' claims except that the County denies the Court has jurisdiction over the claims asserted by Plaintiff Dusty Feller and has moved to dismiss Feller from this action on the basis she lacks standing.

4.      [*sic*][2]

5.      The County admits venue is proper in the Southern District, Southern Division.

## III. PARTIES

6.      The County is without sufficient knowledge as to the allegations contained in Paragraph 6, and therefore denies those allegations and demands strict proof thereof.

7.      Former Plaintiff, Dusty Feller, was dismissed based upon the Court's Report and Recommendation dated September 12, 2013, (Document 39) and to the extent Plaintiff's did not object to the Report and Recommendation in the time provided by that document, no response is required from Defendants as to paragraph 7 of Plaintiffs' First Amended Complaint.

8.      Former Plaintiff, Dusty Feller, was dismissed based upon the Court's Report and Recommendation dated September 12, 2013, (Document 39) and to the extent Plaintiff's did not object to the Report and Recommendation in the time provided by that document, no response is required from Defendants as to paragraph 8 of Plaintiffs' First Amended Complaint.

9.      Former Plaintiff, Dusty Feller, was dismissed based upon the Court's Report and Recommendation dated September 12, 2013, (Document 39) and to the extent Plaintiff's did not object to the Report and Recommendation in the time provided by that document, no response is required from Defendants as to paragraph 9 of Plaintiffs' First Amended Complaint.

---

[2] Plaintiffs' First Amended Complaint incorrectly numbers this paragraph as Paragraph 5.  For ease of reference, the County's answer reflects the numbering in the First Amended Complaint.

10.     Former Plaintiff, Dusty Feller, was dismissed based upon the Court's Report and Recommendation dated September 12, 2013, (Document 39) and to the extent Plaintiff's did not object to the Report and Recommendation in the time provided by that document, no response is required from Defendants as to paragraph 10 of Plaintiffs' First Amended Complaint.

11.     The County is without sufficient knowledge as to the allegations contained in Paragraph 11, and therefore denies those allegations and demands strict proof thereof.

12.     The County is without sufficient knowledge as to the allegations contained in Paragraph 12, and therefore denies those allegations and demands strict proof thereof.

13.     The County is without sufficient knowledge as to the allegations contained in Paragraph 13, and therefore denies those allegations and demands strict proof thereof.

14.     The County is without sufficient knowledge as to the allegations contained in Paragraph 14, and therefore denies those allegations and demands strict proof thereof.

15.     The County is without sufficient knowledge as to the allegations contained in Paragraph 15, and therefore denies those allegations and demands strict proof thereof.

16.     The County is without sufficient knowledge as to the allegations contained in Paragraph 16, and therefore denies those allegations and demands strict proof thereof.

17.     The County admits the Mobile County Commission is composed of Merceria Ludgood, Connie Hudson, and Jerry Carl.  As to each and every remaining allegation contained in Paragraph 17, the County is without sufficient knowledge as to the allegations as worded and therefore denies those allegations and demands strict proof thereof.

18.     The County admits the Mobile County Commission is a body corporate capable of suing and being sued under certain circumstances but denies each and every remaining allegation contained in Paragraph 18 as worded and demands strict proof thereof.

19.     The County admits Commissioner Connie Hudson is the Commissioner for District 2.  As to each and every remaining allegation contained in Paragraph 19, the County is without sufficient knowledge as to the allegations as worded and therefore denies those allegations and demands strict proof thereof.

20.     The County admits Commissioner Merceria Ludgood is the Commissioner for District 1 and is currently the Commission President.  As to each and every remaining allegation contained in Paragraph 20, the County is without sufficient knowledge as to the allegations as worded and therefore denies those allegations.

21.     The County admits John Pafenbach is the County Administrator.  As to each and every remaining allegation contained in Paragraph 21, the County is without sufficient knowledge as to the allegations as worded and therefore denies those allegations and demands strict proof thereof.

22.     The County admits Nancy Johnson is involved in the County's public relations department.  The County denies each and every remaining allegation contained in Paragraph 22 and demands strict proof thereof.

### IV. Factual Background

23.     The County is without sufficient knowledge as to the allegations contained in Paragraph 23, and therefore denies those allegations and demands strict proof thereof.

24.     The County is without sufficient knowledge as to the allegations contained in Paragraph 24, and therefore denies those allegations and demands strict proof thereof.

25.     The County is without sufficient knowledge as to the allegations contained in Paragraph 25, and therefore denies those allegations and demands strict proof thereof.

26.     The County is without sufficient knowledge as to the allegations contained in Paragraph 26 as worded, and therefore denies those allegations and demands strict proof thereof.

27.     The County admits the language quoted in footnote 2 of the First Amended Complaint can be found on the website www.mobilecountyanimals.com.  The County is without sufficient knowledge as to each and every remaining allegation contained in Paragraph 27, and therefore denies those allegations.

28.     The County is without sufficient knowledge as to the allegations contained in Paragraph 28 as worded, and therefore denies those allegations.

29.     The County is without sufficient knowledge as to the allegations contained in Paragraph 29 as worded, and therefore denies those allegations.

### A. SouthBARK Speaking Out on Matters of Public Concern

*(SouthBARK Report on Abuse and Neglect at the Shelter)*

30.     The County admits an email was sent by Emily Thompson to County officials in or around January 2011.  As to each and every remaining allegation contained in Paragraph 30, the County denies those allegations and demands strict proof thereof.

*31.*     The County admits an in-person meeting took place between Emily Thompson and County personnel.  The County is without sufficient knowledge as to each and every remaining allegation contained in Paragraph 31 as worded and therefore denies those allegations and demands strict proof thereof.

*(The Banning of SouthBARK)*

32.     The County admits it initiated a six month "cooling off" period in 2012 with respect to SouthBARK's interaction with the Mobile County Animal Shelter and its staff.  The

County denies each and every remaining allegation contained in Paragraph 32 and demands strict proof thereof.

33.     The County admits SouthBARK, Inc. was eventually permitted to resume pulling animals from the Mobile County Animal Shelter in 2012 and admits a meeting took place involving Emily Thompson and Dusty Feller and County officials.  As to each and every remaining allegation contained in Paragraph 33, the County denies those allegations and demands strict proof thereof.

34.     The County is without sufficient knowledge as to the allegations contained in Paragraph 34, and therefore denies those allegations.

35.     The County is without sufficient knowledge as to each and every allegation and comment "sampling" contained in Paragraph 35 and therefore denies those allegations.

36.     The County is without sufficient knowledge as to the allegations contained in Paragraph 36 as worded and therefore denies those allegations.

37.     The allegations contained in Paragraph 37 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

38.     The allegations contained in Paragraph 38 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

39.     The County is without sufficient knowledge as to the allegations contained in Paragraph 39 as worded and therefore denies those allegations.

40.     The allegations contained in Paragraph 40 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

### B. SouthBARK's Termination and Defendant's Subsequent

*Defamation Campaign against SouthBARK* [3]

41.     The County denies each and every allegation contained in Paragraph 41 and demands strict proof thereof.

42.     The County denies each and every allegation contained in Paragraph 42 and demands strict proof thereof.

43.     The County is without sufficient knowledge as to the allegations and statements purportedly made by County Administrator Pafenbach as contained in Paragraph 43 and therefore denies those allegations.

44.     The County is without sufficient knowledge as to the allegations contained in Paragraph 44 as worded and therefore denies those allegations.

45.     The County is without sufficient knowledge as to the allegations and statements purportedly made by County Commissioner Hudson as contained in Paragraph 45 and therefore denies those allegations.

46.     The County admits articles have been written related to the events and issues between the County.  As to each and every remaining allegation contained in Paragraph 46, the County denies those allegations and demands strict proof thereof.

47.     The County admits articles have been written related to the events and issues between the County.  As to each and every remaining allegation contained in Paragraph 47, the County denies those allegations and demands strict proof thereof.

48.     The County admits articles have been written related to the events and issues between the County.  As to each and every remaining allegation contained in Paragraph 48, the County denies those allegations and demands strict proof thereof.

---

[3] The County objects to the First Amended Complaint to the extent it alleges the County has defamed and/or is liable for defaming Plaintiff, whether under state law or federal law, and has moved to dismiss Plaintiffs' defamation claims pursuant to Rule 12(b)(6).

49.     The County admits a group of dogs were euthanized in or around January 2013. As to each and every remaining allegation contained in Paragraph 49, the County is without sufficient knowledge as to the allegations as worded and therefore denies those allegations and demands strict proof thereof.

50.     The County denies each and every allegation contained in Paragraph 50 and demands strict proof thereof.

51.     The County denies each and every allegation contained in Paragraph 51 and demands strict proof thereof.

### C. The "cry of racism" and its use to justify continued exclusion
### Ludgood's Free Speech – Retaliation

52.     The County denies each and every allegation contained in Paragraph 52 and demands strict proof thereof.

53.     The County denies each and every allegation contained in Paragraph 53 and demands strict proof thereof.

54.     The County denies each and every allegation contained in Paragraph 54 and demands strict proof thereof.

55.     The County denies each and every allegation contained in Paragraph 55 and demands strict proof thereof.

56.     The County denies each and every allegation contained in Paragraph 56 as worded and demands strict proof thereof.

### D. Standard of Judicial Review

### 1. The Free Expression Clause

#### (a) Public Speech Must Be
#### Afforded the Widest Swath

57.     The allegations contained in Paragraph 57 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

58.     The allegations contained in Paragraph 58 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

59.     The allegations contained in Paragraph 59 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

60.     The County denies each and every allegation contained in Paragraph 60 and demands strict proof thereof.

### 2. Prima Facie Case

61.     The allegations contained in Paragraph 61 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

### 3. Governmental Official's argument that the speech was offensive or defaming must be viewed with suspicion

62.     The County denies it has "publically asserted that it was the 'contents' of the speech from SouthBARK's supporters which [the County] found 'offensive'" and demands strict proof thereof.  As to each and every remaining allegation and purported case law quotation contained in Paragraph 62, the County is without sufficient knowledge as to the allegations as worded and quotations and therefore denies those allegations and demands strict proof thereof.

63.     The allegations contained in Paragraph 63 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

### E. SouthBARK's Damages

64.     The County denies each and every allegation contained in Paragraph 64 and demands strict proof thereof.

65.     The County denies each and every allegation contained in Paragraph 65 and demands strict proof thereof.

## V. Claims for Relief

### Federal Claims

### Count One: Municipal Liability Under 42 U.S.C. § 1983
### (Basis for the below claims against Mobile County Commission)

66.     The allegations contained in Paragraph 66 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

67.     The allegations contained in Paragraph 67 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

68.     The allegations contained in Paragraph 68 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

69.     The allegations contained in Paragraph 69 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

70.     The County denies each and every allegation contained in Paragraph 70 and demands strict proof thereof.

71.     The allegations contained in Paragraph 71 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

72.     The County denies each and every allegation contained in Paragraph 72 and demands strict proof thereof.

### COUNT TWO: FREE SPEECH-GENERALLY

73.     The allegations contained in Paragraph 73 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

74.     The County denies that "the comments made by officials and volunteers of SouthBARK were precisely the species of speech protected under [the] first amendment 'free speech' provision" and demands strict proof thereof.   As to each and every remaining allegation contained in Paragraph 74, those allegations call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

75.     The allegations contained in Paragraph 75 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.  With respect to the information set forth in footnote 4, those allegations call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

<u>COUNT THREE</u>: FREE SPEECH--RETALIATION

**Claim is brought against the County Commissioners, and
Administrator Pafenbach, individually, on behalf of SouthBARK and
Emily Thompson**

76.     The allegations contained in Paragraph 76 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

77.     The County admits a meeting took place between Emily Thompson, Dusty Feller, and County personnel.  As to each and every remaining allegation contained in Paragraph 77, the County is without sufficient knowledge as to the allegations as worded and therefore denies those allegations and demands strict proof thereof.

78.     The County admits an in-person meeting took place between Emily Thompson and County personnel.  As to each and every remaining allegation contained in Paragraph 78, the County denies those allegations and demands strict proof thereof.

79.     The County admits a "cooling off" period was initiated by the County.  As to each and every remaining allegation contained in Paragraph 79, the County denies those allegations and demands strict proof thereof.

80.     The allegations contained in Paragraph 80 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

81.     The allegations contained in Paragraph 81 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

**COUNT FOUR: FREE SPEECH--RETALIATION**

**Claim is brought against the County Commissioners; Commissioner Hudson, individually; and Administrator Pafenbach, individually on behalf of SouthBARK and Emily Thompson**

82.     The County is without sufficient knowledge as to the allegations contained in Paragraph 82 and therefore denies those allegations.

83.     The County is without sufficient knowledge as to the allegations contained in Paragraph 83 and therefore denies those allegations.

84.     The County admits County Administrator Pafenbach sent a letter to SouthBARK, Inc. informing that SouthBARK, Inc. would not longer be permitted to participate in the Mobile County Animal Shelter's adoption program.   As to each and every remaining allegation contained in Paragraph 84, the County is without sufficient knowledge as to the allegations as worded and therefore denies those allegations and demands strict proof thereof.

85.     The allegations contained in Paragraph 85 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

86.     The allegations contained in Paragraph 85 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

## COUNT FIVE: FREE SPEECH--RETALIATION
(Claim Solely Against Commissioner Ludgood)

87.     The County denies each and every allegation contained in Paragraph 87 and demands strict proof thereof.

88.     The allegations contained in Paragraph 88 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

89.     The allegations contained in Paragraph 89 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

90.     The County denies each and every allegation contained in Paragraph 90 and demands strict proof thereof.

## COUNT SIX: 1983 DEFAMATION—STIGMA-PLUS STANDARD

91.     Count six of Plaintiff's First Amended Complaint was dismissed based upon the Court's Report and Recommendation dated September 12, 2013, (Document 39) and to the extent Plaintiff's did not object to the Report and Recommendation in the time provided by that document, no response is required from Defendants as to paragraph 91 of Plaintiffs' First Amended Complaint.

92.     Count six of Plaintiff's First Amended Complaint was dismissed based upon the Court's Report and Recommendation dated September 12, 2013, (Document 39) and to the extent Plaintiff's did not object to the Report and Recommendation in the time provided by that document, no response is required from Defendants as to paragraph 92 of Plaintiffs' First Amended Complaint.

93.     Count six of Plaintiff's First Amended Complaint was dismissed based upon the Court's Report and Recommendation dated September 12, 2013, (Document 39) and to the extent Plaintiff's did not object to the Report and Recommendation in the time provided by that

document, no response is required from Defendants as to paragraph 93 of Plaintiffs' First Amended Complaint.

94.     Count six was dismissed based upon the Court's Report and Recommendation dated September 12, 2013, (Document 39) and to the extent Plaintiff's did not object to the Report and Recommendation in the time provided by that document, no response is required from Defendants as to paragraph 94 of Plaintiffs' First Amended Complaint.

## COUNT SEVEN: 1983 DEFAMATION

**Count is brought against Commissioner Hudson, Administrator
Pafenbach and Nancy Johnson, all in their individual capacities**

95.     Count seven of the Plaintiff's First Amended Complaint was dismissed based upon the Court's Report and Recommendation dated September 12, 2013, (Document 39) and to the extent Plaintiff's did not object to the Report and Recommendation in the time provided by that document, no response is required from Defendants as to paragraph 95 of Plaintiffs' First Amended Complaint.

96.     Count seven of the Plaintiff's First Amended Complaint was dismissed based upon the Court's Report and Recommendation dated September 12, 2013, (Document 39) and to the extent Plaintiff's did not object to the Report and Recommendation in the time provided by that document, no response is required from Defendants as to paragraph 96 of Plaintiffs' First Amended Complaint.

97.     Count seven of the Plaintiff's First Amended Complaint was dismissed based upon the Court's Report and Recommendation dated September 12, 2013, (Document 39) and to the extent Plaintiff's did not object to the Report and Recommendation in the time provided by

that document, no response is required from Defendants as to paragraph 97 of Plaintiffs' First Amended Complaint.

98.     Count seven of the Plaintiff's First Amended Complaint was dismissed based upon the Court's Report and Recommendation dated September 12, 2013, (Document 39) and to the extent Plaintiff's did not object to the Report and Recommendation in the time provided by that document, no response is required from Defendants as to paragraph 98 of Plaintiffs' First Amended Complaint.

**COUNT EIGHT: DECLARATORY WITH RESPECT TO**
**SOUTHBARK'S INDIVIDUAL CLAIM**
**Claim attaches to all defendants**

99.     Plaintiffs' claim for injunctive relief has been dismissed by Order of the Court dated June 20, 2013. Out of an abundance of caution, however, the County denies the allegations contained in Paragraph 99.  Additionally, the County objects to any claims asserted by Plaintiff Dusty Feller and, in lieu of its answer to Plaintiff Dusty Feller's purported claim here, files in response to this Count a Motion to Dismiss pursuant to Rule 12(b)(1) and (6).

**STATE LAW CLAIMS**

**COUNT NINE:**
**MUNICIPAL LIABILITY FOR CERTAIN STATE LAW CLAIMS**
**(Principals applied against all defendants)**

100.    The allegations contained in Paragraph 100 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

101.    The County denies each and every allegations contained in Paragraph 101 and demands strict proof thereof.

102.    The County denies each and every allegation contained in Paragraph 102 and demands strict proof thereof.

## COUNT TEN:

**FREE SPEECH PROVISION OF STATE CONSTITUTION**
**Claim is brought against County Commissioners, and,**
**Administrator Pafenbach, individually ON behalf of SouthBARK and**
**Emily Thompson**

The County incorporates by reference and realleges its responses to Paragraphs 1-102, inclusive. To the extent the allegation beginning "The above Paragraphs" and ending "are incorporated herein" requires a response, the County denies that allegation together with each and every allegation made in Paragraphs 84 to 89 and demands strict proof thereof.

103.    The allegations contained in Paragraph 103 call for legal conclusions, and, therefore, the County denies those allegations and demands strict proof thereof.

## COUNT ELEVEN:

**FREE SPEECH PROVISION OF STATE CONSTITUTION**
**Claim is brought against the County Commissioners; Commissioner**
**Hudson, individually, and Administrator Pafenbach, individually ON**
**Behalf of SouthBARK and Emily Thompson**

The County incorporates by reference and realleges its responses to Paragraphs 1-103, inclusive. To the extent the allegation beginning "The above Paragraphs" and ending "are incorporated herein" requires a response, the County denies that allegation together with each and every allegation made in Paragraphs 90 to 94 and demands strict proof thereof.

104.    The County denies each and every allegation contained in Paragraph 104 and demands strict proof thereof.

## COUNT TWELVE:

### FREE SPEECH PROVISION OF STATE CONSTITUTION
**Claim Solely Against Commissioner Ludgood ON behalf of SouthBARK
and Emily Thompson**

The County incorporates by reference and realleges its responses to Paragraphs 1-104, inclusive.

105.   The County denies each and every allegation contained in Paragraph 105 and demands strict proof thereof.

## COUNT THIRTEEN:

### STATE COMMON LAW DEFAMATION
**Claim brought against Commissioner Hudson, Administrator
Pafenbach and Nancy Johnson, all in their individual capacities ON
behalf of SouthBARK**

The County incorporates by reference and realleges its responses to Paragraphs 1-105, inclusive.

106.   The County denies each and every allegation contained in Paragraph 106 and demands strict proof thereof.

## COUNT FOURTEEN:

### STATE COMMON LAW NEGLIGENCE
**Claim brought against all defendants**

The County incorporates by reference and realleges its responses to Paragraphs 1-106, inclusive.

107.   Count Fourteen of the Plaintiff's First Amended Complaint was dismissed based upon the Court's Report and Recommendation dated September 12, 2013, (Document 39) and to the extent Plaintiff's did not object to the Report and Recommendation in the time provided by

that document, no response is required from Defendants as to paragraph 107 of Plaintiffs' First Amended Complaint.

**PRAYER FOR RELIEF**

The Paragraph beginning "**WHEREFORE**, Above premises considered," and ending "the following relief:" does not appear to require a response, but, to the extent this Paragraph requires a response, the County denies the allegations contained therein and demands strict proof thereof.

A. To the extent a response is required, denied;

B. To the extent a response is required, denied;

C. To the extent a response is required, denied;

D. The County objects to the request for injunctive relief and, in lieu of its answer here, files in response to this request a Motion to Dismiss pursuant to Rule 12(b)(6).

E. To the extent a response is required, denied;

F. To the extent a response is required, denied;

G. To the extent a response is required, denied;

H. To the extent a response is required, denied;

I. To the extent a response is required, denied;

J. To the extent a response is required, denied;

## Affirmative Defenses

1.      As and for a first affirmative defense, Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

2.      As and for a separate affirmative defense, the County alleges one or more of the defendants in this action are entitled to statutory immunity with respect to one or more of the claims asserted in the First Amended Complaint.

3.      As and for a separate affirmative defense, the County alleges one or more of the defendants in this action are entitled to common law immunity with respect to one or more of the claims asserted in the First Amended Complaint.

4.      As and for a separate affirmative defense, the County alleges one or more of the parties plaintiff lack standing to assert the claims contained in the First Amended Complaint.

5.      As and for a separate affirmative defense, the County denies each and every material allegation of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

6.      As and for a separate affirmative defense, on the occasions of which Plaintiffs complain, Plaintiffs were guilty of negligent or other wrongful conduct which proximately caused and/or contributed to the damages of which Plaintiffs' complains.

7.      As and for a separate affirmative defense, the County pleads the economic loss rule in defense of Plaintiffs' claims.

8.      As and for a separate affirmative defense, the County alleges one or more of Plaintiffs' claims are barred by the doctrine of preemption.

9.      As and for a separate affirmative defense, the County alleges the damages alleged suffered by Plaintiffs were the result of the negligence and failure to use reasonable diligence in performing the acts required of Plaintiffs.

10.     As and for a separate affirmative defense, the County denies Plaintiffs were injured to the extent or in the nature claimed and the County demands strict proof thereof.

11.     As and for a separate affirmative defense, the County denies it negligently, or wrongfully caused or contributed to the injuries and damages of which Plaintiffs complain.

12.     As and for a separate affirmative defense, the County pleads lack of privity and lack of notice.

13.     As and for a separate affirmative defense, the County contends that any alleged fault of the County, which is denied, was not a proximate cause of Plaintiffs' purported damages.

14.     As and for a separate affirmative defense, the County pleads the affirmative defense of "assumption of the risk."

15.     As and for a separate affirmative defense, the County alleges Plaintiffs' conduct, including but not limited to any failure of Plaintiffs to preserve evidence that would prove or refute Plaintiffs' claimed damages, will operate as an estoppel and waiver of any rights to file this action.

16.     As and for a separate affirmative defense, the County alleges one or more of Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

17.     As and for a separate affirmative defense, the County alleges to the extent Plaintiffs claim relief as a third party beneficiary of any agreement, the Plaintiffs were not an express or intended beneficiary of any agreement alleged in this lawsuit.

18.     As and for a separate affirmative defense, the County contends the First Amended Complaint and each cause of action are uncertain.

19.     As and for a separate affirmative defense, the County makes any claims or allegations which are predicated in any way upon Plaintiffs' alleged entitlement to injunctive relief is due to be dismissed as required by the Court's Order dated June 20, 2013. [Doc. 26, at 7]

20.     As and for a separate affirmative defense, the County alleges any recovery by Plaintiffs are barred by any failure to mitigate damages or any recovery must be reduced by any damages Plaintiffs fail to mitigate.

21.     As and for a separate affirmative defense, the County alleges Plaintiffs cannot seek the recovery pled herein because such recovery is expressly contrary to the evidence this Court may consider pursuant to the parole evidence rule.

22.     As and for a separate affirmative defense, the County alleges the First Amended Complaint fails to state a claim upon which exemplary or punitive damages may be awarded.

23.     As and for a separate affirmative defense, the County contends an award of punitive damages to Plaintiffs would violate the constitutional safeguards provided to the County under both the Constitution of the United States of America and any state constitution which may become applicable.

24.     As and for a separate affirmative defense, the County contends any award of punitive damages to Plaintiffs would violate the constitutional safeguards provided to the County under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America in that punitive damages are vague and are not rationally related to legitimate government interests.

25.     As and for a separate affirmative defense, the County alleges any award of punitive damages to Plaintiffs would violate the Eighth Amendment to the Constitution of the

United States of America because such damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment.

26.     As and for a separate affirmative defense, the County alleges any claims by Plaintiffs for punitive damages are barred, in whole or in part, because the County committed no act or omission that was malicious, oppressive, willful, wanton, reckless or grossly negligent.

27.     As and for a separate affirmative defense, the County alleges an award of punitive damages in this case would violate federal and state due process to the extent that such an award is based to any extent upon conduct of harm to persons who are not parties to this litigation.

28.     As and for a separate affirmative defense, the County alleges an award of punitive damages in this case would violate federal and state due process, the state right to property, the state right to equal protection, and the state protection against excessive punishment to the extent that the County is not afforded the safeguards provided for defendants in other penal or criminal proceedings, including without limitation the protection against self-incrimination, the right to confront adverse witnesses, and the requirement of a unanimous jury.

29.     As and for a separate affirmative defense, the County alleges an award of punitive damages in this case would violate federal and state due process to the extent that the laws of this state fail to require that an award of punitive damages bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature.

30.     As and for a separate affirmative defense, the County alleges an award of punitive damages in this case would violate federal and state due process and the state right to property to the extent that they are adjudicated prior to adjudication of any and all compensatory damages to Plaintiffs.

31.     As and for a separate affirmative defense, the County contends an award of punitive damages in this case would violate federal and state due process as well as the state right to property to the extent that the County is adjudged liable for punitive damages based not on its own conduct, but rather for other persons' conduct, whether under the doctrines of joint and several liability, solitary liability, vicarious liability, *respondeat superior*, or otherwise.

32.     As and for a separate affirmative defense, the County alleges an award of punitive damages in this case would violate federal and state due process as well as the state right to property and state protection against excessive punishment to the extent that it is excessive or disproportionate to the award of compensatory damages, and the County further pleads for an extension of the law such that the federal protection against excessive punishment likewise applies in this situation.

33.     As and for a separate affirmative defense, the County alleges an award of punitive damages in this case would violate federal and state due process and equal protection as well as the state right to property to the extent that the County's wealth or status is taken into consideration in determining the amount of the award or, alternatively, to the extent that the award is disproportionate to awards against other defendants who commit similar offenses resulting in similar injuries but who differ only in material wealth.

34.     As and for a separate affirmative defense, the County pleads Plaintiffs, at all times material hereto, ratified and approved the actions of other named defendants herein, and thus are estopped from bringing such claims against the County.

35.     As and for a separate affirmative defense, the County alleges as Plaintiffs' claims against the County are barred by release and/or accord and satisfaction.

36.     As and for a separate affirmative defense, the County contends the amount of the alleged damages claimed by Plaintiffs should be reduced to the extent of any donations, collateral source benefits, remuneration or compensation received or to be received by Plaintiffs.

37.     As and for a separate affirmative defense, the County alleges discovery may show Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

38.     As and for a separate affirmative defense, the County alleges discovery may show Plaintiffs' claims are barred, in whole or in part, by any applicable statute of limitation.

39.     As and for a separate affirmative defense, the County alleges Plaintiffs' damages, if any, were caused exclusively by the unforeseeable, independent, intervening and/or superseding negligence of others.

40.     As and for a separate affirmative defense, the County alleges one or more of Plaintiffs' claims are subject to Defendants' qualified immunity under Alabama law.

41.     As and for a separate affirmative defense, the County alleges that to the extent the Plaintiffs' claims relate to the County's advertising, marketing, public statements, lobbying, or other activities protected by the First Amendment to the United States Constitution, those claims are barred.

42.     As and for a separate affirmative defense, the County alleges if Plaintiffs sustained injuries or incurred damages as alleged, then said injuries and damages were proximately caused, in whole or in part, by persons and/or entities for whose conduct the County was not responsible and with whom the County had no legal connection and no duty to control.

43.     As and for a separate affirmative defense, the County alleges Plaintiffs have failed to join all indispensable parties; as a result of this failure, complete relief cannot be accorded to those already parties to this action and will result in prejudice to the County.

44.     As and for a separate affirmative defense, the County hereby denies any paragraph or any portions of any paragraph in the Complaint not previously referred to herein.

45.     As and for a separate affirmative defense, the County denies the allegations in all unnumbered paragraphs of the Complaint.

46.     As and for a separate affirmative defense, the County incorporates the defenses of all others who may become parties to this action as though more fully set forth herein.

47.     As and for a separate affirmative defense, the County gives notice that it intends to rely upon such other defenses as may become available or appear during discovery in this case or otherwise, and hereby reserves the right to amend this Answer to assert any such defenses.

48.     As and for a separate affirmative defense, the County alleges because the Complaint is couched in conclusory terms, the County cannot fully anticipate all affirmative defenses that may be applicable to this action. Thus, the County hereby reserves the right to assert additional affirmative defenses, if and to the extent such affirmative defenses apply.

Respectfully submitted on this 8th day of July, 2013 by:

**ADAMS AND REESE LLP**

*Jay Ross*
Jay Ross (JAYR6378)
jay.ross@arlaw.com

*Christina Adcock*
Christina M. Adcock (ADCOC6698)
christina.adcock@arlaw.com

11 North Water Street, Suite 23200
Mobile, Alabama 36602
(251) 433-3234 (phone)
(251) 438-7733 (facsimile)
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 26th day of September, 2013, I filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will provide service to counsel for all parties.


*Christina M. Adcock*
Of Counsel