IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SOUTHBARK, INC., *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 13-183-KD-M |
| | ) | |
| | ) | |
| MOBILE COUNTY COMMISSION, *et al.*, | ) | |
|     Defendants. | ) | |

**ORDER**

A final pre-trial conference was held on December 10, 2014, in the chambers of the undersigned. Present at the conference were Ishmael Jaffree, counsel for plaintiffs SouthBark Inc., *et al*. and Christina Adcock, Kevin Boucher, and Matthew Jackson, counsel for defendants Mobile County Commission, *et al*.

This present order, which hereby incorporates by reference the parties' Joint Pretrial Document (Doc. 87), shall constitute the final statement of the issues involved in this action, govern the conduct of the trial, and form the basis for any relief afforded by the Court. Dispositive legal issues that are not contained in the parties' Joint Pretrial Document, or in any amendments to that document expressly permitted by order of the Court, will not be considered.

As a result of the conference, the Court establishes the following deadlines and rules, which govern all trial preparations and proceedings in this action.  None of the deadlines or dates herein shall be modified except by written order of the Court.

**1. Jury Selection & Trial**. On or before **Friday, December 12, 2014**, the parties are to inform Courtroom Deputy Melanie Barnes if they consent to jury selection by the Magistrate Judge.  Jury selection will be conducted by either a Magistrate Judge or District Court Judge on **Tuesday, January 6, 2015, at 8:45 a.m**. in the United States Courthouse, 113 St. Joseph Street,

Mobile, Alabama 36602, in a courtroom to be determined at a later date.

A jury of **12 jurors** (with no alternates) will be selected. Trial is expected to last **4 days** and will commence on **January 12, 2015 at 8:30 a.m**. before the undersigned in Courtroom 5A.

**2. Trial briefs.**  The Court has determined that trial briefs are not necessary.

**3**.  **Exhibits and objections.**  The parties submitted their exhibit lists with the joint Pretrial Document (Doc. 87) and exhibits have been identified and exchanged by the parties. The Court will resolve objections to the parties' exhibits at such time as the exhibit is offered at trial.

Each party shall provide the Courtroom Deputy with a properly formatted exhibit list no later than the commencement of trial.  The Court will not consider any exhibit that is not formally offered for admission and admitted at trial.  The stipulation by counsel as to the admissibility of particular exhibits shall be of no effect unless and until those exhibits are offered for admission and admitted by the Court.

**4. Witness lists and objections.**  The parties submitted their witness lists with the joint Proposed Pretrial Order (Doc. 87 at 34-38) and witness identification is complete.  The parties' objections are reserved for trial.

**5. Deposition testimony.**  The parties identified their respective deposition testimony to be presented if the deponent does not testify at trial.  The Court will resolve objections to deposition testimony until such time as it is offered at trial.  The parties indicate however, that they expect all witnesses to be available at trial and that depositions testimony will be used for impeachment purposes only.

**6. Voir Dire Requests**.  Counsel for the parties submitted their voir dire questions with the pretrial document (Docs. 87-1 and 87-2). There are no objections to the proposed voir dire from either side. Plaintiff's proposed voir dire question number 17 is struck by the Court, as it is

included in the jury questionnaires the parties will receive prior to trial. Many voir dire questions proposed by the parties are duplicative and shall be asked one time only.

 **7. Motions in Limine**. The parties shall file any motions in limine no later than **December 17, 2014**. Responses to motions in limine shall be filed no later than **December 31, 2014**.  Each party may file no more than **three (3)** motions in limine. Each motion and associated briefing and each response and associated briefing shall not exceed **five (5) pages**.

 **8. Bench Book**. No later than **January 8, 2014** counsel for each party shall provide the undersigned with a bench book (a three-ring binder is sufficient) containing a copy of each exhibit that counsel anticipates offering at trial. The bench books should be delivered to the undersigned's Courtroom Deputy, Melanie Barnes.  Each party shall allow the opposing party to review the bench book before delivery to the undersigned. Counsel are reminded that the bench book is for the undersigned's convenience in reviewing the exhibits and does not admit the exhibits as evidence.

 **9. Settlement.** The parties should continue to attempt to settle this action if at all possible.  In the event of a complete or partial settlement, the Court must be notified as soon as possible.

 **DONE** and **ORDERED** this the 10th day of December 2014.

       /s/ Kristi K. DuBose
       KRISTI K. DuBOSE
       UNITED STATES DISTRICT JUDGE